IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and SELECTIVE INSURANCE COMPANY OF AMERICA, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN KITCHEN DELIGHTS, INC., and LEONETTI FOOD DISTRIBUTORS, INC., <br><br> Defendants. | CIV. NO.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Selective Insurance Company of South Carolina and Selective Insurance Company of America hereby file the following complaint for declaratory judgment and other relief and in support thereof aver as follows:

### PARTIES

1. Selective Insurance Company of South Carolina (Selective Carolina) is an insurance company organized under the law of the state of Indiana and its principal place of business is located at 11711 North Meridian Street, Carmel, Indiana 46032.

2. Selective Insurance Company of America (Selective America) is an insurance company organized under the law of the state of New Jersey and its principal place of business is located at 40 Wantage Avenue, Branchville, New Jersey 07890.

3. American Kitchen Delights, Inc. ("AKDI") is a corporation organized under the law of the state of Illinois and its principal place of business is located at 15320 Cooper Ave, Harvey, IL 60426.

1

4. Leonetti Food Distributor, Inc. is a corporation organized under the law of the Commonwealth of Pennsylvania and its principal place of business is located at 5935 Woodland Avenue, Philadelphia, PA 19143. Leonetti Food Distributor, Inc. does business under the registered fictitious name "Leonetti's Frozen Foods, Inc." (Leonetti).

5. Leonetti is named as a party whose interests may be affected by the declaration sought herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 by virtue of the diversity of citizenship of the parties and because the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

7. 28 U.S.C. §2201 authorizes this Court to enter an order declaring the rights and obligations of the parties with respect to the insurance policy that is the subject of this action.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(1) and §1391(a)(2) because the one or more of the defendants maintains their principal place of business in this district and/or does regular business in this district.

## FACTS

9. This is an insurance coverage action in which Selective Carolina and Selective America (sometimes collectively referred to as Selective) seek an order declaring that they have no duty to defend or indemnify AKDI under insurance policies issued to AKDI for claims asserted against AKDI in a lawsuit pending in this Court captioned *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.*, No. 11-6736.

10. On or about October 27, 2011 Leonetti filed a lawsuit suit against AKDI in this Court. That suit is captioned *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.*,

United States District Court for the Eastern District of Pennsylvania, No. 11-6736 ("the Underlying Action ").

11.     The Underlying Action is a suit for unfair competition under the Lanham Act, 15 U.S.C. §1125 et. seq. and under Pennsylvania common law.  A copy of the Amended Complaint in the Underlying Action is attached hereto as **Exhibit A.**

12.     The Underlying Action alleges that the amount in controversy in that action exceeds $75,000, exclusive of interest and costs. **Exhibit A, ¶3.**

13.     The Underlying Action alleges that Leonetti has manufactured and sold stromboli under its own label since 1980.

14.     The Underlying Action alleges that from January 1, 2000 to October 2007 Leonetti manufactured stromboli for Maglio Fresh Food d/b/a Maglio Sausage Company ("Maglio") using Leonetti's its proprietary recipes and formulas

15.     The Underlying Action alleges that beginning in late October or early November 2007, AKDI began manufacturing all of Maglio's stromboli products, both retail and food service, pursuant to a private label manufacturing agreement.

16.     The Underlying Action alleges that in or around June 2010 Leonetti discovered that AKDI was using the same exact packaging to distribute stromboli products as that used by Leonetti when distributing stromboli under the Maglio Brand.

17.     The Underlying Action alleges that since November 1, 2007, AKDI has continuously used packaging to distribute Maglio Brand stromboli products that materially misrepresent the nature, characteristics, and qualities of the stromboli products manufactured by AKDI and that contained false or misleading representations of fact, false designations of the

origin of the stromboli products and false descriptions and representations of AKDI's products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). **Exhibit A, ¶65.**

18. The Underlying Action alleges that AKDI unfairly competed against Leonetti by, among other things: (1) representing to customers and prospective customers that the stromboli manufactured by AKDI was the same stromboli as that previously manufactured for Maglio's by Leonetti's; (2) using pictures of Leonetti's proprietary stromboli products to market different and inferior stromboli products; (2) using phony samples to retain and obtain food service customers; (3) misbranding/mislabeling its stromboli products in violation of federal labeling laws; (4) violating federal law, including the Lanham Act; (5) continuing to distribute products after label approval was rescinded by the USDA; and (6) using new special stromboli samples as the picture used to distribute materially different stromboli. **Exhibit A, ¶78.**

19. The Underlying Action further alleges that AKDI deliberately engaged in conduct that has been and is malicious, willful, and/or in reckless disregard for Leonetti's rights and that as a result Leonetti is entitled to punitive damages. **Exhibit A, ¶74.**

20. The Underlying Action also alleges that AKDI deliberately violated the Lanham Act and that therefore it is entitled to an award of treble damages under that statute. **Exhibit A, ¶75.**

21. Selective Carolina issued a policy of insurance, policy number S 1932382, to AKDI for the effective policy period of December 31, 2009 to December 31, 2010 (the "09-10 policy"). A copy of the 09-10 policy is attached hereto as **Exhibit B** and the policy's terms are incorporated herein by reference.

22. Selective America issued a policy of insurance, policy number S 1932382, to AKDI for the effective policy period of December 31, 2010 to December 31, 2011 (the" 10-11

policy"). A copy of the 10-11 policy is attached hereto as **Exhibit C** and the policy's terms are incorporated herein by reference.

23. Selective America issued a policy of insurance, policy number S 1932382, to AKDI for the effective policy period of December 31,2011 to December 31,2012 (the "11-12 policy"). A copy of the 11-12 policy is attached hereto as **Exhibit D** and the policy's terms are incorporated herein by reference. The insurance policies issued by Selective Carolina and Selective America are referred to collectively as "the Policies."

24. ADKI has tendered its defense and indemnity against the claims asserted in the Underlying Action to Selective under the Policies and since the Underlying Action seeks damages in excess of $75,000, exclusive of cost and interest, the amount in controversy in this action—which involves not only the cost of indemnity in the Underlying Action but also the cost of defending the Underlying Action-- is in excess of $75,000, exclusive of cost and interest.

25. Selective has denied AKDI's tender and has declined to defend and/or indemnify AKDI because the claims asserted in the Underlying Action are not covered under the Policies.

26. An actual controversy exists between Selective and AKDI as to whether Selective has a duty to defend and indemnify AKDI against the claims asserted in the Underlying Action.

### COUNT I-DECLARATORY JUDGMENT- COMMERCIAL GENERAL LIABILITY INSURANCE

27. Selective incorporates the preceding paragraphs of this complaint as if set forth at length herein.

28. The Policies provide, *inter alia*, Commercial General Liability insurance (CGL insurance).

29. Under Coverage A, the CGL insurance provides coverage for those sums the insured becomes legally obligated to pay as damages because of "bodily injury" and/or "property

5

damage" which occurs during the policy period and which is caused by an "occurrence." **Exhibits B, C, D**, Form CG 00 01 12 07, Section I, Coverage A., ¶1.a., page 1.

30. The Underlying Action does not assert claims for "bodily injury" or "property damage" which occurred during the policy periods and/or which was caused by an "occurrence" within the meaning of the CGL insurance.

31. The CGL insurance excludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured. **Exhibits B, C, D,** Form CG 00 01 12 07, Section I, Coverage A., ¶2.a., page 2.

32. Even if the Underlying Action alleged "bodily injury" or "property damage" within the meaning of the CGL insurance, which is denied, the "expected or intended" damage exclusion would eliminate coverage for the claims asserted in the Underlying Action.

33. Under Coverage B the CGL insurance provides coverage for those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. **Exhibits B, C, D,** Form CG 00 01 12 07, Section I, Coverage B., ¶1.a., page 6.

34. The insurance under Coverage B of the CGL insurance applies to "personal and advertising injury" caused by arising out of one or more specified offenses committed during the policy period. **Exhibits B, C, D,** Form CG 00 01 12 07, Section I, Coverage B., ¶1.b., page 6.

35. The Underlying Action does not assert claims for "personal or advertising injury" arising out of an offense committed during the policy period within the meaning of the CGL insurance.

36. Even if the Underlying Action asserted claims for "personal and advertising injury," which is denied, the CGL insurance excludes coverage for "personal and advertising

injury" arising out material that was first published prior to the policy period. **Exhibits B, C, D,** Form CG 00 01 12 07, Section I, Coverage B., ¶2.c., page 6.

37. The Underlying Action alleges that AKDI's use of deceptive packaging began on November 1, 2007, prior to the effective dates of the Policies.

38. Even if the Underlying Action asserted claims for "personal and advertising injury," which is denied, the CGL insurance also excludes coverage for "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury" and for "personal and advertising injury" arising out of publication of material, if done by or at the direction of the insured with knowledge of its falsity. **Exhibits B, C, D,** Form CG 00 01 12 07, Section I, Coverage B., ¶¶2.a, 2.b., page 6.

39. The Underlying Action alleges that AKDI deliberately engaged in conduct that was malicious, willful, and/or in reckless disregard for Leonetti's rights and that AKDI deliberately violated the Lanham Act.

40. Even if the Underlying Action asserted claims for "personal and advertising injury," which is denied, the CGL insurance excludes coverage for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement." **Exhibits B, C, D,** Form CG 00 01 12 07, Section I, Coverage B., ¶2.g, page 6.

41. The Underlying Action alleges that since November 1, 2007, AKDI has continuously used packaging to distribute Maglio Brand stromboli products that materially misrepresent the nature, characteristics, and qualities of the stromboli products manufactured by AKDI.

42. The CGL insurance provides that Selective will defend AKDI against any suit seeking damages for covered claims, however, Selective has no duty to defend suits alleging only non-covered claims.

43. The claims asserted against AKDI in the Underlying Action are not covered and/or are excluded under the terms of the CGL insurance provided under the Policies.

44. As a result, Selective has no duty to defend and/or indemnify AKDI under the CGL insurance against the claims asserted in the Underlying Action.

WHEREFORE, Selective respectfully requests that this Court enter an order;

    a. declaring that neither Selective Insurance Company of South Carolina nor Selective Insurance Company of America has a duty to defend American Kitchen Delights, Inc. against the claims asserted by plaintiff in the case *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.*, United States District Court for the Eastern District of Pennsylvania, No. 11-6736;

    b. declaring that neither Selective Insurance Company of South Carolina nor Selective Insurance Company of America has a duty to indemnify American Kitchen Delights, Inc. against the claims asserted by plaintiff in the case *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.*, United States District Court for the Eastern District of Pennsylvania, No. 11-6736;

    c. granting such other relief to Selective Insurance Company of South Carolina and Selective Insurance Company of America as may be appropriate.

## COUNT II-DECLARATORY JUDGMENT- COMMERCIAL UMBRELLA INSURANCE

45. Selective incorporates the preceding paragraphs of this complaint as if set forth at length herein.

46. The Policies also provide Commercial Umbrella insurance (CU insurance).

47. The CU insurance provides that Selective will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. **Exhibits B, C, D**, form no. CXL 4 04 03 Section I, ¶A.1., page 1.

48. The CU insurance applies to "bodily injury" and "property damage" which occurs during the policy period and is caused by an "occurrence." **Exhibits B, C, D**, form no. CXL 4 04 03, Section I, ¶A.1.b., page 1.

49. The Underlying Action does not allege claims for "bodily injury" and/or "property damage" which occurred during the policy periods and was caused by an "occurrence."

50. The Policies include an endorsement which modifies the basic terms of the CU insurance to limit coverage for "personal and advertising injury" to "personal and advertising injury" covered by underlying insurance. **Exhibits B, C, D**, CXL 132 04 03

51. The claims asserted in the Underlying action are not covered under the underlying CGL insurance and therefore there is no coverage for the claims under the "personal and advertising injury" coverage of the CU insurance.

52. Even if the claims asserted in the Underlying Action were covered under the "personal and advertising injury" coverage of the CGL insurance (which is denied), the claims

would nonetheless not be covered under the "personal and advertising injury" coverage of the CU insurance because the Underlying Action does not assert claims for "personal and advertising injury" within the meaning of the CU insurance.

53. Even if the Underlying Action asserted claims for "personal and advertising injury," which is denied, the CU insurance excludes coverage for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury" and for "personal and advertising injury" arising out of publication of material with knowledge of its falsity. **Exhibits B, C, D**, form no. CXL 4 04 03, Section I, ¶¶B.14.a, B.14.b, page 4.

54. The Underlying Action alleges that AKDI deliberately engaged in conduct that was malicious, willful, and/or in reckless disregard for Leonetti's rights and that AKDI deliberately violated the Lanham Act.

55. Even if the Underlying Action asserted claims for "personal and advertising injury," which is denied, the CU insurance excludes coverage for "Personal and advertising injury" arising out of publication of material whose first publication took place before the beginning of the policy period. **Exhibits B, C, D**, form no. CXL 4 04 03. ¶B.14.c., page 4.

56. The Underlying Action alleges that AKDI's use of deceptive packaging began on November 1, 2007, prior to the effective dates of the Policies.

57. Even if the Underlying Action asserted claims for "personal and advertising injury," which is denied, the CU insurance excludes coverage for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement." **Exhibits B, C, D**, Form CXL 132 04 03, ¶B.14.g., page 4.

58. The Underlying Action alleges that since November 1, 2007, AKDI has continuously used packaging to distribute Maglio Brand stromboli products that materially misrepresent the nature, characteristics, and qualities of the stromboli products manufactured by AKDI.

59. The claims asserted against AKDI in the Underlying Action are not covered and/or are excluded under the terms of the CU insurance provided under the Policies.

60. As a result, Selective has no duty to defend and/or indemnify AKDI under the CU insurance against the claims asserted in the Underlying Action.

WHEREFORE, Selective respectfully requests that this Court enter an order;

    a. declaring that neither Selective Insurance Company of South Carolina nor Selective Insurance Company of America has a duty to defend American Kitchen Delights, Inc. against the claims asserted by plaintiff in the case *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.,* United States District Court for the Eastern District of Pennsylvania, No. 11-6736;

    b. declaring that neither Selective Insurance Company of South Carolina nor Selective Insurance Company of America has a duty to indemnify American Kitchen Delights, Inc. against the claims asserted by plaintiff in the case *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.,* United States District Court for the Eastern District of Pennsylvania, No. 11-6736;

    c. granting such other relief to Selective Insurance Company of South Carolina and Selective Insurance Company of America as may be appropriate.

## COUNT III-DECLARATORY JUDGMENT-KNOWN LOSS

61. Selective incorporates the preceding paragraphs of this complaint as if set forth at length herein.

62. The Policies incepted on or after December 31, 2009. **Exhibits B, C, D.**

63. The Underlying Action alleges that since November 1, 2007, AKDI has continuously used packaging to distribute Maglio Brand stromboli products that materially misrepresent the nature, characteristics, and qualities of the stromboli products manufactured by AKDI and that contained false or misleading representations of fact, false designations of the origin of the stromboli products and false descriptions and representations of AKDI's products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. To the extent that ADKI was aware of the claims asserted in the Underlying Action at any point prior to December 31, 2009, the claims asserted in the Underlying Action constitute a "known loss" and therefore an uninsurable risk under the Policies.

WHEREFORE, Selective respectfully requests that this Court enter an order;

    a. declaring that neither Selective Insurance Company of South Carolina nor Selective Insurance Company of America has a duty to defend American Kitchen Delights, Inc. against the claims asserted by plaintiff in the case *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.,* United States District Court for the Eastern District of Pennsylvania, No. 11-6736;

    b. declaring that neither Selective Insurance Company of South Carolina nor Selective Insurance Company of America has a duty to indemnify American Kitchen Delights, Inc. against the claims asserted by plaintiff in the case *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.,* United States District Court for the Eastern District of Pennsylvania, No. 11-6736;

   c. granting such other relief to Selective Insurance Company of South Carolina and Selective Insurance Company of America as may be appropriate.

**COUNT IV-DECLARATORY JUDGMENT-
PUNITIVE AND/OR TREBLED DAMAGES**

  65. Selective incorporates the preceding paragraphs of this complaint as if set forth at length herein.

  66. The Underlying Action requests an award of punitive damages and treble damages under the Lanham Act against AKDI.

  67. Coverage for punitive and/or treble damages punitive in nature is prohibited by public policy.

  68 The Policies do not cover the claims for punitive and treble damages asserted in the Underlying Action.

  WHEREFORE, Selective respectfully requests that this Court enter an order;

   a. declaring that neither Selective Insurance Company of South Carolina nor Selective Insurance Company of America has a duty to defend American Kitchen Delights, Inc. against the claims for punitive and treble damages asserted by plaintiff in the case *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.,* United States District Court for the Eastern District of Pennsylvania, No. 11-6736;

   b. declaring that neither Selective Insurance Company of South Carolina nor Selective Insurance Company of America has a duty to indemnify American Kitchen Delights, Inc. against the claims for punitive and treble damages asserted by plaintiff in the case *Leonetti's Frozen Foods, Inc. v. American Kitchen Delights, Inc.,* United States District Court for the Eastern District of Pennsylvania, No. 11-6736;

      c.      granting such other relief to Selective Insurance Company of South Carolina and Selective Insurance Company of America as may be appropriate.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: _____
Kenneth M. Portner, Esquire
*Attorneys for Plaintiffs*
*Selective Insurance Company of South Carolina and Selective Insurance Company of America*

Dated: April 23, 2012